**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alfredo Maldonado PARDO and Antonia De Los Santos Martinez, Defendants-Appellants.**

**No. 29644.**

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1971.

James R. Gillespie, San Antonio, Tex., for defendants-appellants.

Seagal V. Wheatley, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, THORNBERRY, and DYER, Circuit Judges.

PER CURIAM:

Alfredo Maldonado Pardo and Antonia De Los Santos Martinez were tried by the court on a one count indictment charging them with knowingly purchasing, selling, dispensing, and distributing approximately 173 grams of heroin not in or from the original stamped package, in violation of 26 U.S.C. § 4704(a). the court found both defendants guilty as charged. Pardo was sentenced to serve ten years in the custody of the Attorney General; Mrs. Martinez, six years. We affirm.

Armed with a valid warrant to search the premises, and such automobiles as might be on the premises, officers arrived at 251 Linares Street, San Antonio, Texas, early on the morning of September 4, 1969. The officers proceeded to the front of the house and knocked on the door. After waiting a few seconds, one officer shouted, "Police officers. Search warrant." Agent Vollmer testified that he waited several more seconds and then heard a noise inside the house that "sounded like springs on the bed or scuffling." The officers forced their

way into the house and found the defendants in the bedroom. An agent testified that about fifteen seconds elapsed between the first knock and their entry into the defendants' bedroom. Subduing the defendants, the officers announced their purpose and presented the search warrant. Their subsequent search of the premises uncovered a substantial quantity of heroin not in the original stamped package.

On appeal Pardo and Mrs. Martinez contend that in executing the search warrant the officers failed to comply with 18 U.S.C. § 3109 [1] and that the district court therefore erred in denying their motion to suppress the evidence seized in the search. The defendants argue that the officers did not give them an opportunity to open the door before the forcible entry and that no circumstances existed to justify the officers' failure to do so. *See* Miller v. United States, 1958, 357 U.S. 301, 78 S. Ct. 1190, 2 L.Ed.2d 1332; Munoz v. United States, 9 Cir. 1963, 325 F.2d 23.

We need not decide the issue whether the officers violated the standards set out in 18 U.S.C. § 3109. The search warrant, admittedly valid, authorized the officers to search such automobiles as might be found on the premises at 251 Linares Street. At that address the officers found a 1959 Chevrolet automobile parked in the driveway. Their search of the car uncovered not only unstamped containers of heroin, but also balloons, cellophane papers, measuring spoons, and razor blades—items used in the preparation of heroin for resale. These items were all introduced as evidence of the defendants' trial. Agent Hambrick testified that after being given the required warnings, the defendants admitted that the automobile was theirs. Section 3109, of course, does not apply to the search of an automobile,

and we can perceive of no constitutional objections that could be lodged against the search of the automobile in question. Since we have thus found sufficient admissible evidence to warrant the defendants' convictions, any error in the admission of the evidence found inside the house would be harmless. *See* Harrington v. California, 1969, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

Therefore, the judgment of the district court is affirmed.

---

1. § 3109. Breaking doors or windows for entry or exit.

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if,

after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.